IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GABRIEL BENNETT and TIFFANY
BENNETT,

              Plaintiffs,


v.                          //    CIVIL ACTION NO. 1:14CV129
                                      (Judge Keeley)


SKYLINE CORPORATION, BOB'S
QUALITY HOMES, INC., and
BELPRE SAVINGS BANK,

              Defendants.

MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART DEFENDANT
BELPRE'S MOTION TO DISMISS [Dkt. No. 15]

     Pending before the Court is the motion to dismiss (dkt. no.
15) filed by defendant Belpre Savings Bank ("Belpre").  For the
following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the
motion to dismiss Counts One, Two, Three, Four, Five, Six, Seven,
Eight, Nine, Ten, Eleven, and Twelve.

     The Court incorporates by reference the factual and procedural
background outlined in its Memorandum Opinion and Order Granting in
Part and Denying in Part Defendant Skyline's Motion to Dismiss
(dkt. no. 21).

     On September 16, 2014, Belpre filed a motion to dismiss
plaintiffs Gabriel and Tiffany Bennetts' ("the Bennetts") complaint
because it was not a party to their contract to purchase the home.
It asserted in its motion that the complaint failed to state a

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART AND DENYING IN PART DEFENDANT
## BELPRE'S MOTION TO DISMISS [Dkt. No. 15]

claim upon which relief can be granted, arguing that the complaint failed to plead fraud with particularity, and that West Virginia does not recognize a stand alone cause of action for breach of the duty of good faith and fair dealing. (Dkt. No. 15 at 1; Dkt. No. 16 at 2).

On September 30, 2014, the Bennetts filed a response opposing Belpre's motion to dismiss, or in the alternative, seeking leave to amend their complaint to correct any deficiencies. (Dkt. No. 18). On October 6, 2014, Belpre filed a reply brief. (Dkt. No. 22). The motion is fully briefed and ripe for review.

### I. LEGAL STANDARDS

### A. Motion to Dismiss

In reviewing the sufficiency of a complaint, a district court "'must accept as true all of the factual allegations contained in the complaint.'" Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). While a complaint does not need detailed factual allegations, however, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atl. Corp. v. Twombly, 550 U.S. 544,

**MEMORANDUM OPINION AND ORDER**
**GRANTING IN PART AND DENYING IN PART DEFENDANT**
**BELPRE'S MOTION TO DISMISS [Dkt. No. 15]**

555 (2007). Indeed, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986).

In considering whether the facts alleged are sufficient, "a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" <u>Anderson</u>, 508 F.3d at 188 (quoting <u>Twombly</u>, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). This requires "more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u>

**B.   Motion to Amend the Complaint**

The Bennetts seek leave to amend their complaint if it is deficient. (Dkt. No. 18 at 1). A plaintiff can amend a pleading one time, as a matter of course, before the defendant files a responsive pleading. Fed. R. Civ. Pro. 15(a). After a responsive pleading is filed, a party may amend its pleading "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). The Fourth Circuit interpreted 15(a) to require

## MEMORANDUM OPINION AND ORDER
### GRANTING IN PART AND DENYING IN PART DEFENDANT
### BELPRE'S MOTION TO DISMISS [Dkt. No. 15]

that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962)).

A court should deny leave to amend on the ground of futility only "when the proposed amendment is clearly insufficient or frivolous on its face." Johnson, 785 F.2d at 510. Conjecture about the underlying merits of the litigation should not enter into the court's decision as to whether to allow an amendment. Davis v. Piper Aircraft, 615 F.2d 606, 613-14 (4th Cir. 1980).

## II. ANALYSIS

**A.    Counts One, Two, Three, Four, Five, Six, and Seven**

Belpre argues that the first seven counts of the complaint center around the contract for sale and installation of a mobile home between Bob's Quality Homes and the Bennetts, and the subsequent repair attempts by Skyline and Bob's Quality Homes. (Dkt. No. 16 at 3-7). It contends that it was not a party to the contract, and therefore should be dismissed from these counts. Id.

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART AND DENYING IN PART DEFENDANT
## BELPRE'S MOTION TO DISMISS [Dkt. No. 15]

The Bennetts counter Belpre's motion to dismiss with two separate arguments. First, they argue that Belpre is an agent, principal, or employee of Bob's Quality Homes and/or Skyline, and as such, is responsible for the acts and omissions of each of its co-defendants. (Dkt. No. 1-2 at 3; Dkt. No. 18 at 2). Their allegation that Belpre is an agent, principal, or employee of its co-defendants is a legal conclusion that the Court need not consider as true for purposes of a motion to dismiss. <u>Papasan</u>, 478 U.S. at 286.

The Bennetts' allegations regarding Belpre differ in kind from their factual allegations regarding an agency relationship between Skyline and Bob's Quality Homes. (Dkt. No. 1-2 at 2). While those must be taken as true for purposes of the defendants' motions to dismiss, the Bennetts have not alleged similar facts of any agency relationship between Belpre and Skyline.

Nonetheless, they do assert that Belpre and Bob's Quality Homes have an "undisclosed personal and/or business relationship." <u>Id.</u> at 5. This vague allegation of "undisclosed personal and or/business relationship" is insufficient to allege a plausible agency relationship. <u>See</u> <u>John W. Lohr Funeral Homes, Inc. v. Hess & Eisenhardt Co.</u>, 166 S.E.2d 141, 147 (W. Va. 1969) (stating that

## MEMORANDUM OPINION AND ORDER
### GRANTING IN PART AND DENYING IN PART DEFENDANT
### BELPRE'S MOTION TO DISMISS [Dkt. No. 15]

the law does not presume an agency relationship exists, and that the burden of proving agency rests on the party alleging the existence of the relationship); see also Wetzel v. Employers Service Corp. of West Virginia, 656 S.E.2d 55, 61 (W. Va. 2007) (defining an agent as "one who represents another...one who undertakes some business or...manage[s] some affair for another by authority of or on account of the latter...." (citing State ex rel Clark v. Blue Cross Blue Shield of West Virginia, Inc., 510 S.E.2d 764, 788 (W. Va. 1998))). The Court thus is unable to infer an agency relationship from a bare allegation of a secret, "undisclosed personal and/or business" relationship.

In their second argument, the Bennetts assert that Belpre, as a lender, is subject to all claims or defenses they, as the buyer, have against Skyline and Bob's Quality Homes under the West Virginia Consumer Credit and Protection Act ("WVCCPA"). (Dkt. No. 1-2 at 3; Dkt. No. 18 at 2). Under the WVCCPA, a lender "is subject to all claims and defenses of the borrower against the seller arising from that specific sale of goods or services **if the lender participates in or is connected with the sales transaction.**"  W. Va. Code § 46A-2-103(a) (emphasis added).

MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART DEFENDANT
BELPRE'S MOTION TO DISMISS [Dkt. No. 15]

A lender is "connected with" the sales transaction if any one of several facts are present:

(i) The lender and the seller have arranged for a commission or brokerage or referral fee for the extension of credit by the lender;

(ii) The lender is a person related to the seller unless the relationship is remote or is not a factor in the transaction;

(iii) The seller guarantees the loan or otherwise assumes the risk of loss by the lender upon the loan other than a risk of loss arising solely from the seller's failure to perfect a lien securing the loan;

(iv) The lender directly supplies the seller with documents used by the borrower to evidence the transaction or the seller directly supplies the lender with documents used by the borrower to evidence the transaction;

(v) The loan is conditioned upon the borrower's purchase of the goods or services from the particular seller, but the lender's payment of proceeds of the loan to the seller does not in itself establish that the loan was so conditioned;

(vi) The seller in such sale has specifically recommended such lender by name to the borrower and the lender has made ten or more loans to borrowers within a period of twelve months within which period the loan in question was made, the proceeds of which other ten or more loans were used in consumer credit sales with the seller or a person related to the seller, if in connection with such other ten or more loans, the seller also specifically recommended such lender by name to the borrowers involved; or

(vii) The lender was the issuer of a credit card other than a lender credit card which may be used by the borrower in the sales transaction as a result of a prior agreement between the issuer and the seller.

W. Va. Code § 46A-2-203(a)(I)-(vii).

## MEMORANDUM OPINION AND ORDER
### GRANTING IN PART AND DENYING IN PART DEFENDANT
### BELPRE'S MOTION TO DISMISS [Dkt. No. 15]

The Bennetts argue that Belpre "participated in" the sales transaction between themselves and Bob's Quality Homes, even though that fact was never pleaded in the complaint (Dkt. No. 18 at 8). Unsurprisingly, Belpre disputes its involvement in the mobile home sale transaction (Dkt. No. 16 at 5).

The Bennetts also argue that Belpre's actions satisfy "at least one" of the criteria necessary to be considered as "connected with" the sale, and that they are "entitled to conduct discovery to establish the relevant factual background." Id. at 8. They fail, however, to point to any facts in the complaint supporting their allegation that Belpre is "connected with" the sales transaction, as defined by § 46A-2-203(a).

While the complaint does allege that Belpre (1) "disbursed funds to [Bob's Quality Homes] without [the Bennetts'] authorization and against [their] specific instructions," therefore obligating them to repay Belpre; (2) "failed to protect [their] interests by prematurely disbursing funds to [Bob's Quality Homes] because of an undisclosed personal and/or business relationship between [them]"; and, (3) "breached its fiduciary duty to [the Bennetts]" (dkt. no. 1-2 at 5), these allegations alone do not

**MEMORANDUM OPINION AND ORDER**
**GRANTING IN PART AND DENYING IN PART DEFENDANT**
**BELPRE'S MOTION TO DISMISS [Dkt. No. 15]**

establish that Belpre "participated in" or is "connected with" the sales transaction between Bob's Quality Homes and the Bennetts.

Furthermore, the Bennetts are not "entitled to conduct discovery" when they are unable to plead sufficient facts to establish a cause of action. "[A] complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" <u>Anderson</u>, 508 F.3d at 188 (quoting <u>Twombly</u>, 550 U.S. at 547). Although the Bennetts seek leave to amend their complaint, the Court need not grant leave when, as here, it would be futile to do so. <u>Johnson</u>, 785 F.2d at 509. Therefore, the Court grants Belpre's motion to dismiss Counts One, Two, Three, Four, Five, Six, and Seven.

**B.   Count Eight: Common Law Negligence**

The Bennetts claim that Belpre was negligent when it disbursed loan funds to Bob's Quality Homes without the Bennetts' approval. (Dkt. No. 1-2 at 10). The Supreme Court of Appeals of West Virginia describes negligence as "the violation of the duty of taking care under the given circumstances. It is not absolute; but is always relative to some circumstances of time, place, manner, or person." <u>Dicken v. Liverpool Salt & Coal Co.</u>, 23 S.E. 582 (1895). Courts generally define negligence in terms of (1) whether the

## MEMORANDUM OPINION AND ORDER
### GRANTING IN PART AND DENYING IN PART DEFENDANT
### BELPRE'S MOTION TO DISMISS [Dkt. No. 15]

defendant owes a legal duty to the plaintiff; (2) whether the defendant breached that duty; (3) whether the defendant's breach actually and proximately caused the plaintiff's injury; and, (4) whether the plaintiff suffered damages. See, e.g., Marcus v. Staubs, 736 S.E.2d 360, 370-74 (W. Va. 2012).

Whether a defendant owes a duty to the plaintiff is a question of law to be decided by the Court, not a question of fact for the jury. Marcus, 736 S.E.2d at 370. Generally, tort liability "will not arise for breach of contract unless the action in tort would arise independent of the existence of the contract." Beattie v. Skyline Corp., 906 F.Supp.2d 528, 543 (S.D.W. Va. 2012).

In Count Eight, the Bennetts allege that Belpre "disbursed loan funds to [Bob's Quality Homes] without [their] authorization and before [Bob's Quality Homes] completed the installation." (Dkt. No. 1-2 at 10). That count, however, fails to allege any duty Belpre owed to the Bennetts. Earlier in their complaint, however, the Bennetts allege that Belpre "breached its fiduciary duty to [them]" by prematurely disbursing funds against their express instructions, allegedly due to an "undisclosed" relationship between Belpre and Bob's Quality Homes. Id. at 5. Thus, for the limited purpose of this motion, the Court will assume

that it is this breach of fiduciary duty that forms the basis for the negligence claim in Count Eight.

Ordinarily, a fiduciary duty does not exist between a lender and a borrower as a matter of course. Knapp v. Am. Gen. Fin. Inc., 111 F.Supp.2d 758, 766 (S.D.W. Va. 2000). Belpre asserts that "any alleged duty owed to [the Bennetts] by [it] existed solely by virtue of a construction loan agreement." (Dkt. No. 16 at 7). Therefore, it argues that the Bennetts' negligence claim should be dismissed because tort liability generally does not arise from a breach of contract claim. See Beattie, 906 F.Supp.2d at 543.

Because the Bennetts have alleged that Belpre breached its fiduciary duty to them, the Court must examine whether a "special relationship" existed between the Bennetts and Belpre that created a fiduciary duty. McFarland v. Wells Fargo Bank, N.A., __ F.Supp.2d ___, 2014 WL 1805480 at *8 (S.D.W. Va. May 7, 2014). Whether a "special relationship" exists is a question of law for the court. White v. AAMG Const. Lending Center, 700 S.E.2d 791, 798 (W. Va. 2010).

Generally, whether a "special relationship" exists is determined "largely by the extent to which the particular plaintiff is affected differently from society in general. It may be evident

from the defendant's knowledge or specific reason to know of the potential consequences of the wrongdoing, the persons likely to be injured, and the damages likely to be suffered. Such special relationship may be proven through evidence of the foreseeability of the nature of the harm to be suffered...and can arise from contractual privity or other close nexus." <u>Id.</u> at 799 (quoting <u>Eastern Steel Constructors, Inc. v. City of Salem</u>, 549 S.E.2d 266, 272 (W. Va. 2001)).

Within the construction loan context, a "special relationship" is created only when the lender performs extraordinary services, such as "maintaining oversight of, or intervening in, the construction process," and then failing to disclose information to the borrower about the quality of the construction when it is foreseeable that the borrower would be injured. <u>White</u>, 700 S.E.2d at 798 (quoting <u>Glascock v. City Nat. Bank of W. Va.</u>, Syl. Pt. 6, 576 S.E.2d 540, 541 (W. Va. 2002)). <u>See also</u> <u>Blackburn v. Consumer Portfolio Serv., Inc.</u>, 2012 WL 1679796 at *2 (S.D.W. Va. May 14, 2012) (stating that a special relationship does not arise unless "a lender performs services not normally provided by a lender to a borrower.").

**MEMORANDUM OPINION AND ORDER**
**GRANTING IN PART AND DENYING IN PART DEFENDANT**
**BELPRE'S MOTION TO DISMISS [Dkt. No. 15]**

The Bennetts' complaint fails to allege any facts to support the existence of a "special relationship" between them and Belpre. The closest it comes is the allegation that Belpre "knew or should have known that the subject manufactured home was not properly installed, was not fit for occupancy, did not conform to the applicable warranties, and was otherwise damaged and/or defective." (Dkt. No. 1-2 at 5). Such allegations, however, provide no facts about any extraordinary services Belpre provided, or about services not usually provided by a lender to a borrower. Their negligence claim thus fails as a matter of law because the Bennetts allege no duty arising out of a special relationship Belpre owed to them. The Court therefore grants Belpre's motion to dismiss Count Eight.

**C.    Count Nine: Unfair or Deceptive Acts or Practices**

The Bennetts allege that Belpre committed acts that were per se unfair and deceptive in the sale, installation, financing, and repair of their newly manufactured home.  (Dkt. No. 1-2 at 11). They allege general, unspecified unfair or deceptive acts pursuant to W. Va. Code § 46A-6-104, as well as specifically enumerated instances of deceptive acts.  Id.

Under the West Virginia Consumer Credit and Protection Act ("the WVCCPA"), a consumer who suffers a monetary loss as a result

of an unfair or deceptive act may bring an action to recover damages. W. Va. Code § 46A-6-106(a). The elements of a cause of action under § 46A-6-106(a) include "unlawful conduct by the seller, an ascertainable loss on the part of the consumer, and a causal connection between the ascertainable loss and the conduct forming the basis of the lawsuit." Stanley v. Huntington Nat'l Bank, 2012 WL 254135 at *7 (N.D.W. Va. Jan. 27, 2012) (citing White v. Wyeth, 705 S.E.2d 828, 835 (W. Va. 2010)).

Belpre argues that the only allegation applicable to it in Count Nine concerns the disbursal of loan funds before the home installation was complete, and without the Bennetts' approval. (Dkt. No. 16 at 8; Dkt. No. 1-2 at 12). It also argues, however, that it was authorized to disburse loan proceeds under the terms of the loan agreement. (Dkt. No. 16 at 8). The Bennetts did not attach the loan agreement to the complaint. Belpre provided the loan agreement as an attachment to its motion to dismiss, and the Court may consider the agreement because "it [is] integral to and explicitly relied on in the complaint," and the plaintiffs do not challenge its authenticity. Phillips v. LCI Intern., Inc., 190 F.3d 609, 618 (4th Cir. 1999).

### MEMORANDUM OPINION AND ORDER
### GRANTING IN PART AND DENYING IN PART DEFENDANT
### BELPRE'S MOTION TO DISMISS [Dkt. No. 15]

Under the terms of the loan agreement, Belpre could make future advances "subject to inspections by a certified appraiser; draws based on percent complete." (Dkt. No. 15-2). This provision bolsters the Bennetts' argument that Belpre needed authorization from an appraiser before disbursing loan funds, and failed to receive it. (Dkt. No. 18 at 12). The Court therefore agrees that the Bennetts' allegations in the complaint regarding Belpre's premature disbursal of funds are sufficient at this stage.

The Bennetts also assert that Belpre is liable for all claims under this Count as a "lender" under W. Va. Code § 46A-2-203. (Dkt. No. 18 at 12). Their argument fails for the reasons discussed earlier regarding Counts One through Seven. Nonetheless, for the reasons discussed above, the Court denies Belpre's motion to dismiss Count Nine.

**D.   Count Ten: Common Law Fraud and Misrepresentation**

The Bennetts claim that Belpre falsely promised to protect their interests, and to disburse loan funds only when the home installation was completed. (Dkt. No. 1-2 at 13). In addition, they claim that Belpre concealed the existence of a business or personal relationship with Bob's Quality Homes, thereby creating a conflict of interest. <u>Id.</u>   The Bennetts state that they

15

MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART DEFENDANT
BELPRE'S MOTION TO DISMISS [Dkt. No. 15]

justifiably relied upon the defendants' representations when deciding to purchase and finance their home, and that they were damaged by the misrepresentations.  Id. at 13-14.

The elements of a cause of action for fraud include:  "'(1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; that plaintiff relied upon it and was justified under the circumstances in relying upon it; and (3) that he was damaged because he relied upon it.'"  Cordial v. Ernst & Young, Syl. Pt. 3, 483 S.E.2d 248, 259 (W. Va. 1996) (quoting Lengyel v. Lint, Syl. Pt. 1, 280 S.E.2d 66 (W. Va. 1981), and Muzelak v. King Chevrolet, Inc., Syl. Pt. 2, 368 S.E.2d 737 (1927)).

Under Federal Rule of Civil Procedure 9(b), a plaintiff alleging fraud must "state with particularity the circumstances constituting fraud or mistake."  The circumstances that must be pleaded with particularity include "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999).  "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. Pro. 9(b).

## MEMORANDUM OPINION AND ORDER
### GRANTING IN PART AND DENYING IN PART DEFENDANT
### BELPRE'S MOTION TO DISMISS [Dkt. No. 15]

Belpre argues, and the Court agrees, that the Bennetts' complaint is largely devoid of facts regarding the "time, place, and contents" of the alleged fraud and misrepresentations. The complaint merely states that Belpre disbursed funds to Bob's Quality Homes "without [their] authorization and against [their] specific instructions, thus obligating [them] to repay Belpre, when Belpre knew or should have known that the subject manufactured home was not properly installed, was not fit for occupancy, did not conform to the applicable warranties, and was otherwise damaged and/or defective." (Dkt. No. 1-2 at 5).

The Bennetts do plead that Belpre had an "undisclosed personal and/or business relationship" with Bob's Quality Homes, but, as noted earlier, their complaint provides no detail about the alleged relationship. Id. Moreover, the Bennetts freely admit that "without discovery" they "are unable to state any more details" about the alleged misrepresentations, and seek leave to amend their pleading if their allegations in Count Ten are deficient. (Dkt. No. 18 at 13).

"The standard set forth by Rule 9(b) aims to provide defendants with fair notice of claims against them and...prevent fraud actions in which all the facts are learned only following

discovery...." <u>McCauley v. Home Loan Inv. Bank, F.S.B.</u>, 710 F.3d 551, 560 (4th Cir. 2013). Thus, in the Court's view, it would be futile to grant the Bennetts' motion to amend in the face of their admission that they cannot state any more facts at this stage. It therefore denies the Bennetts' request for leave to amend the complaint and grants Belpre's motion to dismiss Count Ten.

**E.   Count Eleven:  Civil Conspiracy**

The Bennetts claim that Skyline, Bob's Quality Homes, and Belpre were engaged in a civil conspiracy. (Dkt. No 1-2 at 14). West Virginia recognizes a cause of action for civil conspiracy, <u>Kessel v. Leavitt</u>, 511 S.E.2d 720, 753 (W. Va. 1998), which is defined as "a combination of two or more persons by concerted action to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means." <u>Dunn v. Rockwell</u>, 689 S.E.2d 255, 268 (W. Va. 2009) (quoting <u>Dixon v. American Indus. Leasing Co.</u>, 253 S.E.2d 150, 152 (W. Va. 1979)).

Importantly, "[t]he cause of action is not created by the conspiracy but by the wrongful acts done by the defendants to the injury of the plaintiff." <u>Id.</u> Thus, civil conspiracy is not a stand alone cause of action, but is "a legal doctrine under which liability for a tort may be imposed on people who did not actually

commit a tort themselves but who shared a common plan for its commission with the actual perpetrator(s)." Id. at 269.

Courts have granted summary judgment or dismissal as to claims of civil conspiracy when there is no underlying tort to support the claim. See, e.g., Long v. M&M Transp., LLC, __ F.Supp.2d ___, 2014 WL 4388337 at *13 (N.D.W. Va. Sept. 5, 2014). In addition, the court should grant a motion to dismiss a civil conspiracy charge when the plaintiffs claim that the defendants "engaged in a civil conspiracy" and "individually and collectively" committed wrongs, but fail to allege facts to support that allegation. Tucker v. Thomas, 853 F.Supp.2d 576, 594 (N.D.W. Va. 2012).

The Bennetts do not allege a specific tort underlying their civil conspiracy charge in Count Eleven, and the Court has dismissed both the negligence claim[1] in Count Eight and also the common law fraud and misrepresentation claim in Count Ten. The civil conspiracy claim therefore fails as a matter of law based on the absence of an underlying tort, and the Court grants Belpre's motion to dismiss Count Eleven.

---

[1] The Bennetts' negligence claim, in point of fact, is not an actionable underlying tort for purposes of the civil conspiracy claim. See generally 15A C.J.S. Conspiracy § 4 (2014). The Court merely includes it here for completeness.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART DEFENDANT
BELPRE'S MOTION TO DISMISS [Dkt. No. 15]**

---

**F.    Count Twelve:  Joint Venture**

The Bennetts' final claim is that Belpre was engaged in a joint venture with Skyline and Bob's Quality Homes to sell manufactured homes to West Virginia consumers.  (Dkt. No. 1-2 at 14).  A joint venture is "an association of two or more persons to carry out a single business enterprise for profit, for which purpose they combine their property, money, effects, skill, and knowledge." Armor v. Lantz, Syl. Pt. 5, 535 S.E.2d 737, 742 (W. Va. 2000) (citing Price v. Halstead, Syl. Pt. 2, 355 S.E.2d 380 (1987)).

A joint venture generally arises out of a contractual relationship. Id. Members of a joint venture are jointly and severally liable for the obligations arising out of the venture, and actions of the joint venture bind individual venturers. Id. at 743. The distinguishing characteristics of a joint venture were outlined by the Supreme Court of Appeals of West Virginia in Pownall v. Cearfoss, 40 S.E.2d 886, 893-94 (W. Va. 1946). Although an exact definition does not exist, "a contract, written or verbal, is essential to create the relation of joint adventurers." Id. at 893.

MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART DEFENDANT
BELPRE'S MOTION TO DISMISS [Dkt. No. 15]

In addition, the joint venturers "must combine their property, money, efforts, skill, or knowledge, in some common undertaking of a special or particular nature...." _Id._  A profit-sharing agreement, whether express or implied, is also essential to create a joint venture. _Id._  An agreement to share losses is not essential, especially "if the nature of the undertaking is such that no losses...are likely to occur." _Id._ at 894.

Had the Bennetts sufficiently alleged the elements of a joint venture, their claim would still fail for failure to plead an adequate factual basis. All they allege is that Skyline, Bob's Quality Homes, and Belpre are engaged in a joint venture to sell manufactured homes in West Virginia (dkt. no. 1-2 at 14); they never assert how that relationship, if it does exist, is illegal or tortious. The Bennetts must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." _Ashcroft_, 556 U.S. at 678. This requires "more than a sheer possibility that a defendant has acted unlawfully." _Id._ Here, because they have not alleged any joint misconduct, the Bennetts have failed to nudge their claims "across the line from conceivable to plausible." _Twombly_, 550 U.S. at 570.  The Court therefore dismisses Count Twelve.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART DEFENDANT
BELPRE'S MOTION TO DISMISS [Dkt. No. 15]**

### III.  CONCLUSION

For the reasons discussed, the Court **GRANTS IN PART** and **DENIES IN PART** Belpre's motion to dismiss, **DISMISSES** Counts One, Two, Three, Four, Five, Six, Seven, Eight, Ten, Eleven, and Twelve **WITHOUT PREJUDICE**, and **DENIES** Belpre's motion to dismiss Count Nine.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this order to counsel or record.

DATED: October 7, 2014.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE