```
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**GABRIEL BENNETT and TIFFANY**
**BENNETT,**

      **Plaintiffs,**

**v.**                      **//   CIVIL ACTION NO. 1:14CV129**
                                        **(Judge Keeley)**

**SKYLINE CORPORATION, BOB'S**
**QUALITY HOMES, INC., and**
**BELPRE SAVINGS BANK,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER**
**GRANTING IN PART AND DENYING IN PART**
**<u>DEFENDANT BELPRE'S MOTION TO DISMISS [DKT. NO. 33]</u>**

Pending before the Court is the motion to dismiss the amended complaint filed by the defendant, Belpre Savings Bank ("Belpre") (Dkt. No. 33). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Belpre's motion to dismiss Counts Five and Seven of the amended complaint filed by the plaintiffs, Gabriel and Tiffany Bennett ("the Bennetts").

**I.   FACTUAL BACKGROUND**

**A.   Factual Background**

Construed in the light most favorable to the Bennetts, the non-movants, the facts in this case are as follows. <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986). Skyline Corporation ("Skyline") is an Indiana corporation that manufactures home components. Home builders such as co-defendant Bob's Quality Homes, Inc. ("Bob's Quality Homes") purchase manufactured home components from Skyline,

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT BELPRE'S
MOTION TO DISMISS [DKT. NO. 33]**

and then build a home from those components for purchasers. Skyline provides an express warranty guaranteeing that its manufactured home components are free from manufacturing defects.

The Bennetts purchased a new home from Bob's Quality Homes, an authorized Skyline dealer/agent, on April 18, 2013. They also obtained a loan from co-defendant Belpre Savings Bank ("Belpre") to pay for the new home.

When the Bennetts purchased their new home, they informed Bob's Quality Homes that they needed to have the home delivered, ready for occupancy, by a certain date. Although Bob's Quality Homes guaranteed that the home would be delivered and installed by the specified date, it failed to complete the installation of the Bennetts' home on time, and allegedly damaged and failed to properly install the home. When the installation process began to go awry, the Bennetts instructed Belpre not to disburse loan funds to Bob's Quality Homes. Despite these instructions, Belpre disbursed the loan funds.

When the Bennetts finally were able to occupy their new home, they discovered nonconformities stemming from the manufacture, delivery, and installation that substantially impaired their enjoyment of the new home. At that point, they demanded that Bob's

**BENNETT v. SKYLINE CORPORATION**                                1:14CV129

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT BELPRE'S
MOTION TO DISMISS [DKT. NO. 33]**

Quality Homes and Skyline undertake repairs pursuant to any and all applicable warranties. Bob's Quality Homes and Skyline, however, failed to repair the home in a timely fashion. Consequently, the Bennetts notified Bob's Quality Homes, Skyline, and Belpre of their rejection/revocation of acceptance of the home.

**B.  Procedural Background**

The Bennetts filed suit in the Circuit Court of Calhoun County, West Virginia (Dkt. No. 1 at 1), after which Skyline, with the consent of Bob's Quality Homes and Belpre, removed the case to federal court based on diversity of citizenship (Dkt. No. 1 at 2). The Bennetts are citizens of West Virginia and reside in Calhoun County, West Virginia. Bob's Quality Homes is an Ohio corporation with its principal place of business in Ohio. Belpre also is an Ohio corporation with its principal place of business in Ohio. Skyline is an Indiana corporation with its principal place of business in Indiana. Id. The price of the modular home components used to construct the Bennetts' home, standing alone, well exceeds the jurisdictional threshold of $75,000.00. Id. at 3.

Following removal, Belpre moved to dismiss the Bennetts' complaint, on the basis that it was not a party to the Bennetts' contract to purchase the home (Dkt. No. 15). The Bennetts opposed

**BENNETT v. SKYLINE CORPORATION** 1:14CV129

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT BELPRE'S
MOTION TO DISMISS [DKT. NO. 33]**

Belpre's motion to dismiss, and also sought leave to amend their complaint to correct any deficiencies (Dkt. No. 18). In a Memorandum Opinion and Order entered on October 7, 2014, the Court granted Belpre's motion to dismiss Counts One, Two, Three, Four, Five, Six, Seven, Eight, Ten, Eleven, and Twelve, and denied its motion to dismiss Count Nine (Dkt. No. 23 at 22). Notably, in the Order, the Court declined to allow the Bennetts to amend Counts One through Seven of their complaint, concluding that such amendment would be futile. Id. at 9.

On December 1, 2014, the Bennetts filed an amended complaint that alleged three causes of action against Belpre (Dkt. No. 29).[1] Belpre then moved to dismiss Counts Five and Seven on the basis that the Court had not given the Bennetts leave to refile those counts (Dkt. No. 33). The Bennetts argue that the amendments to their complaint are within the parameters of the Court's order, and therefore should be allowed. The motion is fully briefed and ripe for disposition.

---

[1] In addition to Counts Five and Seven, which are the subject of the instant motion, the Bennetts allege Count Eight, Unfair or Deceptive Acts or Practices, as to Belpre. The Court had declined to dismiss this Count, formerly styled as Count Nine, in its previous Memorandum Opinion and Order (Dkt. No. 23 at 15).

**BENNETT v. SKYLINE CORPORATION**                          1:14CV129

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT BELPRE'S
MOTION TO DISMISS [DKT. NO. 33]**

## II.  LEGAL STANDARDS

**A.   Motion to Dismiss**

In reviewing the sufficiency of a complaint, a district court "'must accept as true all of the factual allegations contained in the complaint.'"  Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). While a complaint need not contain detailed factual allegations, a plaintiff is obligated to provide the grounds of his entitlement to relief with more than mere labels and conclusions; a formulaic recitation of the elements of a cause of action will not do.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Indeed, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan, 478 U.S. at 286 (1986).

In considering whether the facts alleged are sufficient, a court must consider whether "a complaint . . . contain[s] 'enough facts to state a claim to relief that is plausible on its face.'" Anderson, 508 F.3d at 188 (quoting Twombly, 550 U.S. at 547).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v.

**BENNETT v. SKYLINE CORPORATION**                              1:14CV129

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT BELPRE'S
MOTION TO DISMISS [DKT. NO. 33]**

Iqbal, 556 U.S. 662, 678 (2009). This requires "more than a sheer possibility that a defendant has acted unlawfully." Id.

**B.   Motion to Amend the Complaint**

The Bennetts previously sought leave to amend their complaint in their response to Belpre's original motion to dismiss, and later at the scheduling conference (Dkt. No. 18 at 1). A plaintiff may amend a pleading one time as a matter of course before the defendant files a responsive pleading. Fed. R. Civ. P. 15(a). After a responsive pleading is filed, however, a party may amend "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The Fourth Circuit has interpreted Rule 15(a) to require that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962)). A court should deny leave to amend on the ground of futility only "when the proposed amendment is clearly insufficient or frivolous on its face." Johnson, 785 F.2d at 510. Conjecture

**BENNETT v. SKYLINE CORPORATION**                                    1:14CV129

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT BELPRE'S
MOTION TO DISMISS [DKT. NO. 33]**

about the underlying merits of the litigation should not enter into the court's decision whether to allow an amendment. Davis v. Piper Aircraft, 615 F.2d 606, 613-14 (4th Cir. 1980).

### III. ANALYSIS

Count Five of the Bennetts' amended complaint alleges claims for breach of contract, and breach of the duty of good faith under the Uniform Commercial Code, W. Va. Code § 46-1-203 (Dkt. No. 29 at 10). Specifically, the Bennetts assert that Belpre breached its contract with them by prematurely disbursing loan proceeds without conducting an appraisal of the delivered and installed home, or receiving their approval. Id. at 11. They further assert that Belpre disbursed the loan funds despite having received explicit instructions not to do so. Id.

As currently pleaded, Count Five states a breach of contract claim. The Bennetts assert that in refiling this count they "merely attempted to conform their complaint to the Court's rulings on Belpre's prior motion to dismiss, and . . . were under the impression that they had leave to do so, pursuant to both oral and written motions and orders." (Dkt. No. 39 at 2).

In its Memorandum Opinion and Order dismissing Count Five of the original complaint as to Belpre, the Court denied the Bennetts'

7

**BENNETT v. SKYLINE CORPORATION**                           **1:14CV129**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT BELPRE'S
MOTION TO DISMISS [DKT. NO. 33]**

leave to amend, finding it would be futile to allow them to do so. (Dkt. No. 23 at 8, 13). At the scheduling conference, however, counsel for the Bennetts again sought leave to amend the complaint, which the Court granted, but only as to Count Nine, the sole count against Belpre remaining in the case at that point (Dkt. No. 33-1 at 1-2).

Count Five of the amended complaint adds a paragraph explicitly referencing the Bennetts' contract with Belpre. Such a claim is cognizable under West Virginia law and cures the deficiencies in the Bennetts' original complaint, which had relied upon agency and lender liability theories under the West Virginia Consumer Credit and Protection Act (Dkt. No. 29 at 11). Nevertheless, as Belpre has correctly noted, the Bennetts had not been given leave to amend Count Five (Dkt. No. 23 at 9).

During the scheduling conference, when counsel for the Bennetts orally moved for leave to amend, he represented that he did not "anticipate adding any claims," and understood that any amendment would be solely to clarify the existing claims in the case (Dkt. No. 33-1 at 1-2). Clearly this limited leave to amend only permitted the Bennetts to clarify the counts remaining in the case. It did not grant a blank check to replead entire causes of

8

**BENNETT v. SKYLINE CORPORATION**                                    1:14CV129

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT BELPRE'S
MOTION TO DISMISS [DKT. NO. 33]**

action that had been dismissed. The question thus is whether the Bennetts' pleading of a new cause of action for breach of contract in Count Five of their amended complaint comes within the ambit of the Court's Order, or is otherwise permissible.

It is well-established that, under Fed. R. Civ. P. 15(a), leave to amend is to be "freely given." Under the present circumstances, the Court finds that, at this early stage in the litigation, it would be error to deny the Bennetts the opportunity to plead a viable breach of contract claim against Belpre relating to the actual loan agreement. Fed. R. Civ. P. 15(a)(2).

Although breach of contract is a new claim against Belpre, and not an attempt to revise claims already dismissed, the Court is satisfied that such a claim is not futile, and is otherwise permissible under Rule 15. Furthermore, no real prejudice will be suffered by Belpre if, based on a contract Belpre has already provided to the Court, the Bennetts are allowed to amend now, rather than having to seek leave to amend at a later point during discovery. Therefore, despite Belpre's well-taken argument, the Court is satisfied that the Bennetts' amendment was made in good faith, <u>Johnson,</u> 785 F.2d at 509, and will allow the amendment. Fed. R. Civ. P. 15.

**BENNETT v. SKYLINE CORPORATION**                                        **1:14CV129**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANT BELPRE'S
MOTION TO DISMISS [DKT. NO. 33]**

Turning next to Count Seven, the amended complaint once again alleges a claim for common law negligence against Belpre (Dkt. No. 29 at 12). The Bennetts contend that a reasonable lender would have handled the transaction, delivered the home, and performed the repairs in a proper, careful manner. Id. at 13. The Bennetts concede, however, that this is the same common law negligence claim the Court previously dismissed as not cognizable against Belpre (Dkt. No. 39 at 2).[2] The Court therefore **GRANTS** Belpre's renewed motion to dismiss Count Seven.

## IV. CONCLUSION

For the reasons discussed, the Court **DENIES** Belpre's motion to dismiss Count Five, **GRANTS** its motion to dismiss Count Seven, and **DISMISSES** Count Seven as it pertains to Belpre.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this order to counsel of record.

DATED: April 14, 2015.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[2] Count Seven in the Bennetts' amended complaint was dismissed as Count Eight in the original complaint (Dkt. No. 23 at 9-13).